*344 O’Donnell, J.,
dissenting.
{¶ 26} Respectfully, I dissent.
{¶ 27} Because the Upper Arlington City Council appointed Sue Ralph to a seat on the city council for an unexpired term that in my view will end on the second Monday in January 2018 pursuant to the city’s charter, I would deny Omar Ganoom’s request for a writ of mandamus compelling Upper Arlington to conduct an election in November 2016 to fill that seat.
{¶ 28} The Upper Arlington charter provides for a vacancy on the city council to be filled by a majority vote of the remaining council members, and Section IV of the charter states that “[i]f an appointment occurs after June 30 in the final two years of a term, then Council shall make the appointment for the unexpired term.” Ralph’s appointment did not occur after June 30 in the final two years of the term, so that provision does not apply.
{¶ 29} The Upper Arlington charter then provides, “Otherwise the appointment shall be until the second Monday in January following the next general election.” Thus, we are to consider what the phrase “the next general election” means in that section of the charter.
{¶ 30} In my view, this language refers to the next general municipal election, because city council members are not elected in even numbered years but rather run in general elections conducted in odd numbered years. R.C. 3501.01(B). And in this case, the next general election for a councilmanic position in the city of Upper Arlington will be held in November 2017. Notably, state and county elections are held in even numbered years, R.C. 3501.01(C), and there is no language in the Upper Arlington City Charter that requires a special election for filling a vacant seat on the city council. Rather, the charter’s language is plain: “the appointment shall be until the second Monday in January following the next general election.” This reference, in my view, is unmistakably to the next general election for municipal office, because city council members are elected at general elections in odd numbered years. The concurring opinion mischaracter-izes this analysis as somehow rewriting the charter. It does not. It is the logical, common sense approach to determining the meaning of “general election” in order to decipher that phrase in the context of a councilmanic appointment.
{¶ 31} The charter language here is very similar to the language contained in Article IV, Section 13 of the Ohio Constitution with respect to filling a vacancy in the office of judge:
the vacancy shall be filled by appointment by the governor, until a successor is elected and has qualified; and such successor shall be elected for the unexpired term, at the first general election for the office which is *345 vacant that occurs more than forty days after the vacancy shall have occurred.
(Emphasis added.)
{¶ 32} The caustic reference in the concurring opinion suggesting an unconvincing parallel with the constitutional procedure for filling judicial vacancies fails to comprehend the analogy because it gets into the minutia of words and misses the big picture. The quarrel is not about adding words to the charter or deleting words from the Constitution. The exact language of the Constitution is quoted above. Rather, the point is that individuals appointed to municipal judgeships stand for office at the next municipal election, and those appointed to county judgeships, whether trial or appellate, run in countywide elections in even numbered years. The point is that those appointed to municipal offices do not run in even numbered years and those appointed to county judgeships do not run in odd numbered years.
{¶ 33} In a confused and ill-informed analysis, the majority finds support for holding an election for an Upper Arlington City Council position in an offiyear election. This confuses the elective process and, in my view, misconstrues the phrase “general election” by requiring a councilmanic appointee to stand for election in 2016, an even numbered year, when municipal elections are not normally held. The charter’s reference to “the next general election” is thus properly construed to mean the next general election for municipal office, given that an appointee to that office would then have an opportunity to file as a candidate for election without being forced to run at a time when other municipal office holders are not being elected.
{¶ 34} The majority’s view is therefore contrary to the legislative scheme for conducting municipal elections and to the method that is followed and is well understood in the judicial arena, which requires an appointee to stand for election at the next general election for that office.
{¶ 35} The majority also states that “[t]he Upper Arlington City Council has authority, by resolution, to order a special election at any time,” majority opinion at ¶ 16, but the language of the charter says the council “may, by resolution, order a special election at any time.” (Emphasis added.) Thus, it is a discretionary power of the council, and the council cannot be compelled by mandamus to exercise its discretion to order a special election.
{¶ 36} In order for a writ of mandamus to issue, there must be a clear legal right to the relief sought and a clear legal duty on the part of the council to provide that relief. The request for mandamus fails in this case, because there is no clear legal right to the conducting of a municipal election in an even numbered year, and there is no mandatory duty that council can be compelled to perform *346 because its authority to order a special election is discretionary, not mandatory. Therefore, relator’s request for a writ should be denied. And for these reasons, I dissent from the majority’s judgment.
James C. Becker, for relator.
Ron O’Brien, Franklin County Prosecuting Attorney, and Nick A. Soulas Jr., Harold J. Anderson III, and Timothy A. Lecklider, Assistant Prosecuting Attorneys, for respondent Franklin County Board of Elections.
Upper Arlington City Attorney’s Office, Jeanine Hummer, Thomas K. Lindsey, and Thaddeus M. Boggs; McTigue & Colombo, L.L.C., Donald J. McTigue, J. Corey Colombo, and Derek S. Clinger; and Yorys, Sater, Seymour & Pease, L.L.P., and John J. Kulewicz, for respondents city of Upper Arlington, Upper Arlington City Council, and Upper Arlington City Manager Theodore J. Staton.